1

**PETER S. CHRISTIANSEN, ESQ.**
Nevada Bar No. 5254
pete@christiansenlaw.com

2

**R. TODD TERRY, ESQ.**
Nevada Bar No. 6519

3

tterry@christiansenlaw.com

4

**WHITNEY J. BARRETT, ESQ.**
Nevada Bar No. 13662

5

kworks@christiansenlaw.com
**CHRISTIANSEN TRIAL LAWYERS**

6

710 S. 7th Street, Suite B
Las Vegas, Nevada 89101

7

Telephone:    (702) 240-7979
Facsimile:    (866) 412-6992

8

*Attorneys for Plaintiff*

9



**UNITED STATES DISTRICT COURT**

10

**DISTRICT OF NEVADA**

11

JESSYCA GOODMAN GARCIA, an Individual;

12

Plaintiff,

13

vs.

14

15

MICAH GILL, an Individual; UNITED STATES
OF AMERICA; MALCO ENTERPRISES OF

16

NEVADA, INC. A Domestic Corporation d/b/a
BUDGET CAR AND TRUCK RENTAL OF

17

LAS VEGAS AND/OR d/b/a BUDGET LAS
VEGAS; DOES I through X, inclusive; and ROE

18

BUSINESS ENTITIES XI through XX inclusive,

19

Defendants.

CASE NO.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

20

21

        Comes now Plaintiff, JESSYCA GOODMAN GARCIA, by and through her attorneys,

22

Peter S. Christiansen, Esq., R. Todd Terry, Esq., and Whitney J. Barrett, Esq. of Christiansen

23

Trial Lawyers, and for her Complaint against Defendants, complain and allege as follows:

24

**NATURE OF THE ACTION**

25

        1.        This action arises under the Federal Tort Claims Act, Sections 2671 through 2680

26

of Title 28 of the United States Code for money damages, for personal injury and loss of property

27

against the Defendants, and each of them; said causes of action for damages alleged in this

28

Complaint are based upon the negligent or wrongful acts or omissions of a Federal Employee

within the purview ofthe Federal Tort Claims Act; to wit, Micah Gill, who at all times mentioned herein was a member of the United States Army and an employee of the United States Government and at the time of the incident of August 02, 2016, as more particularly alleged hereinafter was acting within the course and scope of his office or employment as a member of the United States Army.

**DEMAND FOR JURY TRIAL**

2.      Plaintiff demands a jury trial in the instant action.

**JURISDICTION AND VENUE**

3.      This Court is vested with jurisdiction pursuant to Section 1346(b) of Title 28 of the United States Code.

4.      This Federal District Court has jurisdiction over this Complaint as authorized under the Federal Tort Claims Act of August2, 1946, 60 Stat 843; 28 USC §§ 1346(b), 2671 *et seq*.

5.      Venue is proper in the District of Nevada pursuant to 28 USC § 1391(b) as the events or omissions giving rise to the claims at issue arose in this district.

**PARTIES**

6.      Plaintiff JESSYCA GOODMAN GARCIA is a resident of the State of Nevada, County of Clark.

7.      At all times herein Defendant MICAH GILL was an is a resident of the State of Nevada, County of Washoe.

8.      At all times herein Defendant UNITED STATES OF AMERICA was in control of the UNITED STATES ARMY NATIONAL GUARD (ARMY herein), a government entity of the United States of America, branches of which may be found in Las Vegas, Clark County, Nevada.

9.      The Defendant, UNITED STATES OF AMERICA may be served by serving a copy of the summons and complaint on the United States District Attorney, and by sending a copy of the summons and complaint by registered mail to the Attorney General of the United States, Washington, D.C

10.     At all times herein, upon information and belief, Defendant MALCO ENTERPRISES OF NEVADA, INC., a Domestic Corporation d/b/a BUDGET CAR AND TRUCK RENTAL OF LAS VEGAS and/or BUDGET LAS VEGAS, was and is a company authorized to conduct business in Clark County, Nevada.

11.     That the true names and capacities, whether individual, corporate, agents, association or otherwise of the Defendants, DOES I through X and/or ROE BUSINESS ENTITIES XI through XX, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as DOES and/or ROE BUSINESS ENTITIES are responsible in some manner for the events and happenings herein referred to, and in some manner proximately caused the injuries and damages thereby to the Plaintiff, as herein alleged; that the Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants, DOES I through X and/or ROE BUSINESS ENTITIES XI through XX, inclusive, when the same have been ascertained by the Plaintiff, together with appropriate charging allegations, and to join such Defendants in this action.

12.     Further, that the true names and capacities of the Defendants DOES I through X and/or ROE BUSINESS ENTITIES XI through XX are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names.

## FACTS COMMON TO ALL CAUSES OF ACTIONS

13.     On or about August 2, 2016, Plaintiff JESSYCA GOODMAN GARCIA operating a 2013 Chrysler 200 Touring and was stopped for pedestrians in the right turn lane at the intersection of Cheyenne and Martin Luther King, Jr., which is located in Clark County, Nevada.

14.     On or about August 2, 2016, Defendant GILL was operating a rental car owned by Defendant MALCO ENTERPRISES OF NEVADA, INC. d/b/a BUDGET CAR AND TRUCK RENTAL OF LAS VEGAS and/or BUDGET LAS VEGAS ("BUDGET") directly behind Plaintiff's vehicle, when he recklessly rear-ended the vehicle being operated by Plaintiff.

3

15.    At the time of the accident, Defendant GILL was wearing fatigues and was driving what appeared to be a civilian vehicle. At no time did he indicate to Plaintiff that he was on duty or otherwise in the course and scope of his employment while operating the BUDGET vehicle.

16.    Upon information and belief, police responded to the scene, but did not issue a traffic citation or otherwise prepare a traffic accident report.

17.    In response to Counsel's letter of representation, on December 29, 2016, USAA indicated "Budget Rental is the primary insurer for this loss. The person handling the claim for Budget Rental is George Mallow and he can be reached at …". *See* Exhibit 1, which by this reference is incorporated herein as though set forth in full.

18.    There was no representation that GILL was in the course and scope of his employment with the ARMY at the time of the accident. *Id*.

19.    Defendant BUDGET did not respond to the letter of representation from Plaintiff's Counsel.

20.    On July 27, 2018, Plaintiff filed suit in the Eighth Judicial District Court, Clark County, Nevada ("EJDC"), against Defendants GILL and BUDGET, setting forth causes of action for 1) Negligence; 2) Negligence Per Se; 3) Vicarious Liability; and 4) Negligent Entrustment (hereinafter "EJDC litigation"). *See* Exhibit 2, which by this reference is incorporated herein as though set forth in full.

21.    Defendant BUDGET answered the Complaint in the EJDC litigation on August 20, 2018.

22.    Defendant GILL answered the Complaint in the EJDC litigation on August 31, 2018.

23.    Both Defendants BUDGET and GILL were represented by the same law firm in the EJDC litigation.

24.    Although documents jointly produced to Plaintiff by Defendants BUDGET and GILL on October 31, 2018 noted the ARMY as GILL's employer, there was no representation that GILL was in the course and scope of his employment with the ARMY at the time of the subject accident.

4

25.     On March 27, 2019, for the first time, Defendant GILL averred that he was operating the BUDGET vehicle in the course and scope of his employment with the ARMY at the time of the subject accident.  *See* Exhibit 3, which by this reference is incorporated herein as though set forth in full.

26.     On March 27, 2019, consistent with USAA's representations, Defendant GILL advised the rental company's insurance carrier is responsible for covering Plaintiff's claim in response to Plaintiff's request for insurance information.  *Id*.

27.     On October 2, 2019, Defendants GILL and BUDGET moved for summary judgment and provided Plaintiff with a letter from Major Scott Katherman, Esq. dated September 19, 2018, in which he recommended the U.S. Attorney certify that Defendant GILL was acting within the scope of his employment at the time of the accident and recommended the matter be removed to the U.S. District Court in which the U.S. be substituted in for GILL.  *See* Exhibit 4, which by this reference is incorporated herein as though set forth in full.

28.     Defendants BUDGET and GILL jointly and intentionally withheld Maj. Katherman's letter for over a year prior to providing it to Plaintiff.

29.     At no point did Defendant GILL or his attorneys remove the underlying matter to the U.S. District Court.

30.     In reliance on Maj. Katherman's letter, the Honorable Judge Miley (Ret.) dismissed Defendant GILL due to a lack of subject matter jurisdiction.  *See* Exhibit 5, which by this reference is incorporated herein as though set forth in full.

31.     On March 24, 2020, Plaintiff submitted a Form 95 serving it upon to the Judge Advocate General of the United States Army at the United States Army and/or his representative. *See* Exhibit 6, which by this reference is incorporated herein as though set forth in full.

32.     The ARMY denied Plaintiff's administrative claim on January 11, 2021.  *See* Exhibit 7, which by this reference is incorporated herein as though set forth in full.

33.     That Defendants, in concert, intentionally concealed from Plaintiff that Defendant GILL was in the course and scope of his employment with the ARMY at the time of the subject accident, precluding Plaintiff from timely filing an administrative claim.

5

## FIRST CAUSE OF ACTION

### *Negligence*

34.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

35.     That on or about August 02, 2016, the Plaintiff, JESSYCA M. GOODMAN GARCIA was operating her 2013 Chrysler 200 Touring automobile along and upon Cheyenne when she stopped for pedestrians before making a right turn onto Martin Luther King Jr. Blvd. Defendant, MICAH GILL, was operating a BUDGET rental minivan in a careless, negligent and reckless manner and did by his wrongful actor omission and negligence thereby strike and collide with the vehicle in which the Plaintiff, JESSYCA M. GOODMAN GARCIA was driving proximately causing the hereinafter described injuries and damages to Plaintiff, JESSYCA M. GOODMAN GARCIA.

36.     That by reason of the premises and as a direct and proximate result of the negligence of the Defendants, and each of them,Plaintiff, JESSYCA M. GOODMAN GARCIA, was hurt and injured in health, strength, and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff, JESSYCA M. GOODMAN GARCIA, great mental and physical pain and suffering, resulting in some permanent disability to the Plaintiff, JESSYCA M. GOODMAN GARCIA, all to Plaintiff's general damages in an amount in excess of $75,000.00 as more particularly described in the above-referenced Form 95 attachedhereto and incorporated herein by reference.

37.     That by reason of the premises and as a further direct and proximate result of the negligence of the Defendants, and each of them, the Plaintiff, JESSYCA M. GOODMAN GARCIA, was required to and did seek medical attention and care, and did incur medical expenses in an amount at the present time unascertained, and Plaintiff, JESSYCA M. GOODMAN GARCIA, will be required to seek further medical care, and incur further medical expense in an amount at the present time unascertained, and therefore asks leave to prove, and if requiredby the

Court, to amend this Complaint to show the reasonable value of such medical care at the time of the trial.

38.     That prior to the injuries complained of herein, Plaintiff, JESSYCA M. GOODMAN GARCIA, was an able-bodied person readily and gainfully employed and physically capable of engaging in all other activities for which each was otherwise suited; that as a direct and proximate result of the negligence, of said defendants, and each of them, said Plaintiff has been absent from her employment, continues to and shall continue to be limited in each of Plaintiffs activities and occupations, which resulted in a loss of earnings and a loss of earning capacity, all to her damage in an unknown amount to her at present time. Plaintiff asks leave of this Court to insert said amount when the same shall be fully ascertained.

39.     That it has been necessary for Plaintiff, JESSYCA M. GOODMAN GARCIA, to retain the services of an attorney to prosecute this action, and Plaintiff, JESSYCA M. GOODMAN GARCIA, is therefore entitled to reasonable attorney's fees and costs herein.

## SECOND CAUSE OF ACTION

### *Negligence Per Se*

40.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein.

41.     At all times mentioned herein, there were in force statutes, ordinances, and regulations prohibiting the conduct exhibited by Defendants, and each of them, to wit: NRS 484B.127, NRS 484B.257, and NRS 484B.603.

42.     Plaintiff was a member of the class of persons for whose protection said statutes, ordinances, and regulations were enacted or promulgated.

43.     Plaintiff sustained injuries that were the type said statutes, ordinances, and regulations were intended to prevent.

44.     As a direct and proximate result of the Defendants, and each of their violations of said statutes, ordinances, and regulations, Plaintiff sustained damages in excess of seventy-five thousand dollars ($75,000.00).

45.    Plaintiff has been required to retain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs incurred herein.

### THIRD CAUSE OF ACTION

#### *Negligent Misrepresentation*

46.    Plaintiff repeats and realleges the allegations contained in the above paragraphs as though fully set forth herein.

47.    Defendants GILL and BUDGET and/or DOE/ROE Defendants were participants in the EJDC litigation in which they had a pecuniary interest.

48.    Defendants GILL and BUDGET and/or DOE/ROE Defendants made reckless or negligent misrepresentations and negligently and/or recklessly concealed adverse information when Defendants knew, or should have known, that GILL was in the course and scope of his employment with the ARMY at the time of the subject accident.

49.    These negligent or reckless misrepresentations and/or negligent or reckless failures to disclose were perpetuated directly and/or indirectly by Defendants.

50.    Defendants should have known through the exercise of due care that these representations would lead to the deception of Plaintiff.

51.    Defendants made these false representations without the exercise of due care knowing that it was reasonable and foreseeable that Plaintiff was unaware GILL was in the course and scope of his employment with the ARMY at the time of the subject accident and would not timely file an Administrative Claim with the ARMY.

52.    Plaintiff justifiably relied on and/or was induced by Defendants' negligent or reckless misrepresentations and/or negligent or reckless failure to disclose and relied on the absence of information regarding GILL's status with the ARMY at the time of the subject accident, which Defendants negligently or recklessly suppressed, concealed, or failed to disclose to Plaintiff's detriment.

53.    Plaintiff justifiably relied upon negligent or reckless misrepresentations and/or negligent or reckless failures to disclose by Defendants GILL and BUDGET and/or DOE/ROE Defendants in filing her Complaint in the EJDC, as opposed to a timely Administrative Claim.

8

54.     Plaintiff sustained the dismissal of her EJDC Complaint as against GILL due to a lack of jurisdiction due to his employment status at the time of the subject accident, a fact of which Plaintiff was previously unaware.

55.     Plaintiff suffered the denial of her Administrative Claim with the ARMY due to the passing of the Statute of Limitations, as Plaintiff relied upon the negligent or reckless misrepresentations and/or negligent or reckless failures to disclose by Defendants in not timely filing such claim.

56.     As a direct and proximate result of the conduct of Defendants described hereinabove, Plaintiff sustained damages in excess of seventy-five thousand dollars ($75,000.00).

57.     Plaintiff has been required to retain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs incurred herein.

## FOURTH CAUSE OF ACTION

### *Fraudulent Concealment and/or Omissions*

58.     Plaintiffs repeat and reallege the allegations contained in the above paragraphs as though fully set forth herein.

59.     Defendants GILL and BUDGET and/or DOE/ROE Defendants concealed or suppressed information that GILL was in the course and scope of his employment with the ARMY at the time of the subject accident.

60.     Defendants GILL and BUDGET and/or DOE/ROE Defendants did not reveal that GILL was in the course and scope of his employment with the ARMY at the time of the subject accident until March 27, 2019, over two years after the subject accident and after litigation was filed in the EJDC.

61.     Defendants GILL and BUDGET and/or DOE/ROE Defendants had a duty to disclose to Plaintiff this information at the time it received notice of Plaintiff's claim, on or about December 29, 2016, so that Plaintiff could timely file an Administrative Claim with the ARMY.

62.     The knowledge that GILL was in the course and scope of his employment with the ARMY at the time of the subject accident was peculiarly within the knowledge of Defendants GILL and BUDGET and/or DOE/ROE Defendants and not within the fair reach of the Plaintiff.

9

63.     Had Plaintiff been made aware GILL was within the course and scope of his employment with the ARMY at the time of the subject accident, she would have timely pursued an Administrative Claim with the ARMY.

64.     Defendants GILL and BUDGET and/or DOE/ROE Defendants were in possession of a letter from Maj. Scott Katherman, Esq. dated September 19, 2018, in which he recommended the U.S. Attorney certify that GILL was within the course and scope of his employment with the ARMY at the time of the subject accident and recommended the matter be removed to the U.S. District Court, in which the U.S. would be substited in for GILL as a Defendant.

65.     Defendants GILL and BUDGET and/or DOE/ROE Defendants had a duty to disclose Maj. Katherman's letter to Plaintiff in litigation pursuant to Nev. R. Civ. P. 16.1.

66.     At no point did Defendants GILL and BUDGET and/or DOE/ROE Defendants remove the matter to the U.S. District Court or substitute the U.S. in place of GILL.

67.     Defendants GILL and BUDGET and/or DOE/ROE Defendants jointly and intentionally withheld Maj. Katherman's letter for over a year prior to providing it to Plaintiff, with the intent of seeking dismissal of GILL from the EJDC litigation.

68.     As a result of the fraudulent concealment and/or omissions by Defendants GILL and BUDGET and/or DOE/ROE Defendants, Plaintiff sustained damages, including the dismissal of GILL from the EJDC litigation.

69.     Due to the concealment and/or omissions until well after the period for Plaintiff to commence her Administrative Claim had elapsed, Defendants GILL and BUDGET and/or DOE/ROE Defendants are estopped from relying on the statute of limitations and the Court should deem the period for commencing the claim tolled.

70.     The actions of Defendants, and each of them, were sufficiently fraudulent, malicious, and/or oppressive under NRS 42.005 to warrant an award of punitive damages. The Defendants, and each of them, knew of the probable and harmful consequences of their concealment, silence, or omissions, and intentionally and deliberately failed to act to avoid the probable and harmful consequences.

71.     As a direct and proximate result of the conduct of Defendants described hereinabove, Plaintiff sustained damages in excess of seventy-five thousand dollars ($75,000.00).

72.     Plaintiff has been required to retain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs incurred herein.

## FIFTH CAUSE OF ACTION

### *Civil Conspiracy*

73.     Plaintiff repeats and realleges the allegations contained in the above paragraphs as though fully set forth herein.

74.     Defendants, and each of them, through concerted action among themselves and others, intended to accomplish the unlawful objective of withholding information for an improper purpose.

75.     Defendants GILL and BUDGET and/or DOE/ROE Defendants had reason to know of Plaintiff's unawareness that GILL was operating the BUDGET vehicle while within the course and scope of his employment with the ARMY at the time of the subject accident.

76.     Defendants GILL and BUDGET and/or DOE/ROE Defendants devised a plan to knowingly commit wrongful acts for the purpose of precluding Plaintiff from timely filing an Administrative Claim with the ARMY.

77.     Defendants GILL and BUDGET and/or DOE/ROE Defendants chose to improperly withhold information, which they had a duty to disclose, from Plaintiff in an attempt to harm Plaintiff.

78.     Defendants GILL and BUDGET and/or DOE/ROE Defendants, through concerted action among themselves and others, intended to accomplish the foregoing unlawful objectives through unlawful means and to cause damage to Plaintiff as herein alleged, including abusing the process, causing unnecessary substantial expense, and to punish Plaintiff, among other wrongful objectives to be determined at the time of trial.

79.     In taking the actions alleged herein, Defendants GILL and BUDGET and/or DOE/ROE Defendants were acting for their own individual advantage.



CHRISTIANSEN
— TRIAL LAWYERS —

80.     The actions of Defendants, and each of them, were sufficiently fraudulent, malicious, and/or oppressive under NRS 42.005 to warrant an award of punitive damages. The Defendants, and each of them, knew of the probable and harmful consequences of their concealment, silence, or omissions, and intentionally and deliberately failed to act to avoid the probable and harmful consequences.

81.     As a direct and proximate result of the conduct of Defendants described hereinabove, Plaintiff sustained damages in excess of seventy-five thousand dollars ($75,000.00).

82.     Plaintiff has been required to retain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs incurred herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.     For compensatory damages;

2.     For punitive damages in the amount deemed appropriate by this Court to punish them for their wrongful conduct and set an example to deter future misconduct;

3.     For special damages;

4.     For reasonable attorney's fees;

5.     For costs of suit;

6.     For such other and further relief as this Court deems just and proper.

Dated this 8th day of July, 2021.

CHRISTIANSEN TRIAL LAWYERS

By _____

PETER S. CHRISTIANSEN, ESQ.
R. TODD TERRY, ESQ.
KENDELEE L. WORKS, ESQ.
WHITNEY J. BARRETT, ESQ.
*Attorneys for Plaintiff*

# Exhibit "1"

# Exhibit "1"



9800 Fredericksburg Road
San Antonio, TX 78288

TODD R TERRY                                                                December 29, 2016
CHRISTIANSEN LAW OFFICES
810 S. CASINO CENTER BOULEVARD
SUITE 104
LAS VEGAS NV 89101-6719


Reference: Acknowledgement of Representation

Dear Todd R Terry,

We received your letter of representation dated December 20, 2016 regarding the following claim.
Because of this, we'll no longer communicate with your client.

| | |
|---|---|
| **Your client:** | Jessyca Garcia |
| **Policyholder:** | Micah Gill |
| **Claim #:** | 024269596 - 4 |
| **Date of loss:** | August 2, 2016 |
| **Loss location:** | North Las Vegas, Nevada |


Budget Rental is the primary insurer for this loss.  The person handling the claim for Budget Rental
is George Mallow and he can be reached at 702-730-0166.  When calling Budget Renal, you will
need reference rental agreement number 513925731.

Include the reference number 024269596-4 on all correspondence and mail it to:

Auto Injury Solutions
Attn: USAA Medical Mail Dept.
P.O. Box 26001
Daphne, AL 36526
Fax: 1-866-828-2330

We cannot disclose policy limits without our policyholder's written request. We will notify our
insured that you are requesting this information.


024269596 - DM-04664 - 4 - 3555 - 31                                                    54659-0216

If you have questions, please call 1-210-531-8722 x40147.

Sincerely,

Jennifer L Koelln
USAA MOUNTAIN STATES REGIONAL OFFICE
United Services Automobile Association
PO Box 33490
San Antonio, TX 78265
Phone: 1-210-531-8722 x40147
Fax: 1-800-531-8669

# Exhibit "2"

# Exhibit "2"

Electronically Filed
7/27/2018 4:01 PM
Steven D. Grierson
CLERK OF THE COURT

**CHRISTIANSEN LAW OFFICES**
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

1 | **COMP**
**PETER S. CHRISTIANSEN, ESQ.**
2 | Nevada Bar No. 5254
pete@christiansenlaw.com
3 | **R. TODD TERRY, ESQ.**
Nevada Bar No. 6519
4 | tterry@christiansenlaw.com
**KENDELEE L. WORKS, ESQ.**
5 | Nevada Bar No. 9611
kworks@christiansenlaw.com
6 | **WHITNEY J. BARRETT, ESQ.**
Nevada Bar No. 13662
7 | wbarrett@christiansenlaw.com
**KEELY A. PERDUE, ESQ.**
8 | Nevada Bar No. 13931
keely@christiansenlaw.com
9 | **CHRISTIANSEN LAW OFFICES**
810 South Casino Center Blvd., Suite 104
10 | Las Vegas, Nevada 89101
Telephone:     (702) 240-7979
11 | Facsimile:     (866) 412-6992
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

JESSYCA GOODMAN GARCIA, an
Individual;

                    Plaintiff,

vs.

MICAH GILL, an Individual; MALCO
ENTERPRISES OF NEVADA, INC., A
Domestic Corporation d/b/a BUDGET CAR
AND TRUCK RENTAL OF LAS VEGAS
AND/OR d/b/a BUDGET LAS VEGAS;
DOES I through X, inclusive; and ROE
BUSINESS ENTITIES XI through XX
inclusive,

                    Defendants.

CASE NO.     A-18-778518-C
DEPT. NO.
                    Department 23

## **COMPLAINT**
## **AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, JESSYCA GOODMAN GARCIA, by and through her attorneys,

PETER S. CHRISTIANSEN, ESQ., R. TODD TERRY, ESQ., KENDELEE L. WORKS, ESQ.,

CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

WHITNEY J. BARRETT, ESQ and KEELY A. PERDUE, ESQ. of CHRISTIANSEN LAW OFFICES and for their causes of action against Defendants, and each of them, allege as follows:

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.      At all times relevant hereto, Plaintiff, JESSYCA GOODMAN GARCIA, was and is a resident of Clark County, Nevada.

2.      At all times relevant hereto, upon information and belief, Defendant, MICAH GILL, was and is a resident of Clark County, Nevada.

3.      At all times relevant hereto, upon information and belief, Defendant, MALCO ENTERPRISES OF NEVADA, INC., A Domestic Corporation d/b/a BUDGET CAR AND TRUCK RENTAL OF LAS VEGAS AND/OR d/b/a BUDGET LAS VEGAS, was and is a company authorized to conduct business in Clark County, Nevada.

4.      That the true names and capacities, whether individual, corporate, agents, association or otherwise of the Defendants, DOES I through X and/or ROE BUSINESS ENTITIES XI through XX, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as DOES and/or ROE BUSINESS ENTITIES are responsible in some manner for the events and happenings herein referred to, and in some manner proximately caused the injuries and damages thereby to the Plaintiff, as herein alleged; that the Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants, DOES I through X and/or ROE BUSINESS ENTITIES XI through XX, inclusive, when the same have been ascertained by the Plaintiff, together with appropriate charging allegations, and to join such Defendants in this action.

5.      Further, that the true names and capacities of the Defendants DOES I through X and/or ROE BUSINESS ENTITIES XI through XX are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names.  Defendants designated as DOES I through X and/or ROE BUSINESS ENTITIES XI through XX, and each of them, are owners, operators, or individuals otherwise within possession and control of the motor vehicles herein mentioned and/or are individuals otherwise within the flow of traffic as related hereto.

2

6.     On or about August 2, 2016, Plaintiff JESSYCA GOODMAN GARCIA operating a 2013 Chrysler 200 Touring and was stopped for pedestrians in the right turn lane at the intersection of Cheyenne and Martin Luther King, Jr.

7.     On or about August 2, 2016, Defendant MICAH GILL was operating a Budget Rent a Car (hereinafter the "Subject Vehicle") directly behind Plaintiff's vehicle. Defendant MICAH GILL recklessly operated the subject vehicle by driving too fast for conditions and rear-ended the vehicle being operated by Plaintiff.

8.     That all the facts and circumstances that give rise to the subject lawsuit occurred in Clark County, Nevada.

## FIRST CAUSE OF ACTION
### *Negligence*

9.     Plaintiff incorporates by this reference each and every allegation made in the preceding and ensuing paragraphs as if fully set forth herein.

10.     On or about August 2, 2016, Defendants, and each of them, owed a duty to Plaintiff to operate the Subject Vehicle in a safe, reasonable and prudent manner by using due care so as to protect Plaintiff from injury.

11.     On or about August 2, 2016, Defendants, and each of them, breached their duty to Plaintiff by negligently, carelessly, and recklessly operating the Subject Vehicle and causing a collision with Plaintiff's vehicle.

12.     As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was seriously injured and caused to suffer great pain of body and mind, all or some of which may be permanent and disabling in nature, and all to her general and compensatory damages in an amount in excess of $15,000.00.

13.     As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiff may be required in the future to incur expenses for medical care and treatment in an amount in excess of $15,000.00.

CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

14.     As a further direct and proximate result of the negligence of Defendant, Plaintiff sustained a loss of wages, past and future, and loss of future earnings in an amount in excess of $15,000.00.

15.     As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has suffered a loss of past and future household services in an amount in excess of $15,000.00.

16.     That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff suffered great pain, disfigurement, mental anguish, loss of enjoyment of life and have been prevented from attending and participating in his usual activities and recreational endeavors in an amount in excess of $15,000.00.

17.     Plaintiff has been required to retain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs incurred herein.

### SECOND CAUSE OF ACTION
#### *Negligence Per Se*

18.     Plaintiff incorporates by this reference each and every allegation made in the preceding and ensuing paragraphs as if fully set forth herein.

19.     At all times mentioned herein, there were in force statutes, ordinances, and regulations prohibiting the conduct exhibited by Defendants, and each of them, to wit: NRS 484B.127, NRS 484B.257, and NRS 484B.603.

20.     Plaintiff was a member of the class of persons for whose protection said statutes, ordinances, and regulations were enacted or promulgated.

21.     Plaintiff sustained injuries that were the type said statutes, ordinances, and regulations were intended to prevent.

22.     As a direct and proximate result of the Defendants, and each of their violations of said statutes, ordinances, and regulations, Plaintiff sustained the damages alleged above.

23.     Plaintiff has been required to retain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees and costs incurred herein.

CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

## THIRD CAUSE OF ACTION

*Vicarious Liability against Defendants Malco Enterprises of Nevada, Inc., A Domestic Corporation d/b/a Budget Car and Truck Rental of Las Vegas and/or d/b/a Budget Las Vegas and DOE/ROE Defendants*

24.     Plaintiff incorporates by this reference each and every allegation made in the preceding and ensuing paragraphs as if fully set forth herein.

25.     Employers, masters and principals are vicariously liable for the torts committed by their employees, servants and agents if the tort occurs while the employee, servant or agent was acting in the course and scope of employment.

26.     Defendants MALCO ENTERPRISES OF NEVADA, INC., A Domestic Corporation d/b/a BUDGET CAR AND TRUCK RENTAL OF LAS VEGAS AND/OR d/b/a BUDGET LAS VEGAS and DOE/ROE Defendants were the employers, masters and principals of each other, the remaining Defendants, and other employees, agents, independent contractors and/or representatives who negligently failed to give permission to use vehicles they owned and/or controlled to competent and capable drivers.

27.     At all times relevant herein, Defendant MICAH GILL and other employees and/or agents named as DOE Defendants herein, and each of them, were employees and/or agents of one or all of Defendants and were acting within the scope of their employment and/or agency.

28.     Any and all liability of Defendants' employees and/or agents, is imputed to Defendants, and each of them, under the doctrine of Respondeat Superior and/or N.R.S. 41.130, which states:

> Except as otherwise provided in N.R.S. 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

29.     Accordingly, Defendants, and each of them, are vicariously liable for the damages caused by their employees' actions and negligence, further encompassing the actions of those hired by Defendants to operate the Subject Vehicle.

30.     As a direct and proximate result of conduct of Defendants described herein, and

CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

1  each of them, Plaintiff was caused to be hurt and sustain injury to her respective health, strength

2  and well-being, sustain severe and permanent injury to body, and shock and injury to the nervous

3  system and person, and pain and suffering, anxiety, and emotional distress, all of which have

4  caused Plaintiff, and will continue to cause Plaintiff in the future, severe mental, physical, and

5  nervous pain and suffering, and loss of enjoyment of life and have caused Plaintiff to suffer

6  general damages in excess of $15,000.00.

7       31.    As a further actual and proximate result of the conduct of Defendants described

8  herein, Plaintiff was required to, and did, employ physicians and other health care providers to

9  examine, treat, and care for her and did incur medical and incidental expenses thereby. Plaintiff

10  also suffered loss of income and household services, and in the future Plaintiff will lose income

11  and/or earning capacity and household services. The exact amount of such expenses is unknown

12  at present time, but Plaintiffs allege that they have suffered special damages in excess of

13  $15,000.00.

14       32.    Plaintiff has been required to retain the services of an attorney to prosecute this

15  action and is entitled to reasonable attorney's fees, interest, and costs of suit incurred herein.

16  

**FOURTH CAUSE OF ACTION**

17  *Negligent Entrustment against Defendants Malco Enterprises of Nevada, Inc., A Domestic Corporation d/b/a Budget Car and Truck Rental of Las Vegas and/or d/b/a Budget Las Vegas and DOE/ROE Defendants*

18

19       33.    Plaintiff incorporates by this reference each and every allegation made in the

20  preceding and ensuing paragraphs as if fully set forth herein.

21       34.    At all times relevant hereto, upon information and belief, Defendants MALCO

22  ENTERPRISES OF NEVADA, INC., A Domestic Corporation d/b/a BUDGET CAR AND

23  TRUCK RENTAL OF LAS VEGAS AND/OR d/b/a BUDGET LAS VEGAS and DOE/ROE

24  Defendants were the owners of the Subject Vehicle.

25       35.    Upon information and belief, on or about August 2, 2016, Defendants MALCO

26  ENTERPRISES OF NEVADA, INC., A Domestic Corporation d/b/a BUDGET CAR AND

27  TRUCK RENTAL OF LAS VEGAS AND/OR d/b/a BUDGET LAS VEGAS and DOE/ROE

28  Defendants entrusted Defendant MICAH GILL to operate the Subject Vehicle.

CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

36.     Defendants MALCO ENTERPRISES OF NEVADA, INC., A Domestic Corporation d/b/a BUDGET CAR AND TRUCK RENTAL OF LAS VEGAS AND/OR d/b/a BUDGET LAS VEGAS and DOE/ROE Defendants knew or should have known Defendant MICAH GILL would carelessly, recklessly and negligently operate the Subject Vehicle.

37.     As a direct and proximate result of Defendants', and each of them, negligent entrustment of Defendant MICAH GILL, Plaintiff was caused to be hurt and sustain injury to her respective health, strength and well-being, sustain severe and permanent injury to body, and shock and injury to the nervous system and person, and pain and suffering, anxiety, and emotional distress, all of which have caused Plaintiff, and will continue to cause Plaintiff in the future, severe mental, physical, and nervous pain and suffering, and loss of enjoyment of life and have caused Plaintiff to suffer general damages in excess of $15,000.00.

38.     As a further actual and proximate result of the conduct of Defendants described hereinabove, Plaintiff was required to, and did, employ physicians and other health care providers to examine, treat, and care for her and did incur medical and incidental expenses thereby. Plaintiff also suffered loss of income and household services, and in the future Plaintiff will lose income and/or earning capacity and household services. The exact amount of such expenses is unknown at present time, but Plaintiffs allege that they have suffered special damages in excess of $15,000.00.

39.     Plaintiff has been required to retain the services of an attorney to prosecute this action and is entitled to reasonable attorney's fees, interest, and costs of suit incurred herein.

## DEMAND FOR JURY TRIAL

40.     Demand is hereby made by Plaintiff for a trial by jury in the above-entitled action for all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays judgment of this Court as follows:

1.     General damages in an amount in excess of $15,000.00;

2.     Special damages in an amount in excess of $15,000.00;

3.     Medical and incidental expenses incurred and to be incurred;

7

4.    Damages for lost earnings and earning capacity, and future earning capacity;

5.    Damages for lost past and future household services;

6.    Damages for past and future pain, suffering, disfigurement, mental anguish, and loss of enjoyment of life;

7.    Costs of suit, reasonable attorney fees, interest incurred herein; and for such other and further relief as is just and proper.

Dated this 17th day of July, 2018.

CHRISTIANSEN LAW OFFICES

By_____

PETER S. CHRISTIANSEN, ESQ.
R. TODD TERRY, ESQ.
KENDELEE L. WORKS, ESQ.
WHITNEY J. BARRETT, ESQ.
KEELY A. PERDUE, ESQ.
*Attorneys for Plaintiff*

CHRISTIANSEN LAW OFFICES
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
702-240-7979 • Fax 866-412-6992

8

Exhibit "3"

Exhibit "3"

1   **RSPN**
    **GEORGE M. RANALLI, ESQ.**
2   Nevada Bar No. 5748
    **SEAN FORBUSH, ESQ.**
3   Nevada Bar No. 12741
    **RANALLI ZANIEL FOWLER & MORAN, LLC**
4   2400 W. Horizon Ridge Parkway
    Henderson, Nevada 89052
5   ranalliservice@ranallilawyers.com
    Attorneys for Defendants,
6   *MICAH GILL and*
    *MALCO ENTERPRISES OF NEVADA, INC.*
7

8                           **DISTRICT COURT**

9                       **CLARK COUNTY, NEVADA**

10  JESSYCA GOODMAN GARCIA, an
    individual
11                                                CASE NO.: A-18-778518-C
                    Plaintiff,                    DEPT. NO.: XXIII
12
    v.
13
    MICAH GILL, an Individual; MALCO
14  ENTERPRISES OF NEVADA, INC., a
    Nevada Domestic Corporation dba
15  BUDGET CAR AND TRUCK RENTAL
    OF LAS VEGAS and/or dba BUDGET
16  LAS VEGAS; DOES I-X; inclusive; and
    ROE BUSINESS ENTITIES XI-XX,
17
                    Defendants.
18

19        **DEFENDANT, MICAH GILL'S RESPONSES TO**
20        **PLAINTIFFS' FIRST SET OF INTERROGATORIES**

21        Defendant Micah Gill("Defendant") responds to Plaintiff's First Set of

22  Interrogatories as follows:

23        **INTERROGATORY NO. 1:**

24        Please state your full name, date of birth, marital status, and if you

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

1  are married, the name and address of your spouse.

2      **RESPONSE:**

3      **Micah Lee Gill, born April 8, 1985, married to Melanie Gill, 2072**

4  **Whitecliff Drive, Reno, NV 89521.**

5      **INTERROGATORY NO 2:**

6          Please state your current occupation and any occupations you have

7  had within the last ten (10) years.

8      **RESPONSE:**

9      **Objection.   This request is not properly time limited and requests**

10  **information not relevant to the issues involved in this case.**

11  **01/2017 – Present, Full-time Military Technician, NVARNG**

12  **08/2015 – 10/2016, MB America, Inc. - Reno, NV**

13  **05/2014 - 06/2015, U.S. Army Flight School Student, NVARNG**

14  **05/2013 – 08/2013, UNR Army ROTC Recruiter, NVARNG**

15  **12/2011 - 05/2013, UNR Social Media Manager, Web Administrator**

16  **03/2011 – 11/2011, Raven Electronics Corporation - Reno, NV**

17  **05/2008 – 05/2013, Enlisted NVARNG Soldier / ROTC Cadet / Student**

18      **INTERROGATORY NO. 3:**

19          Please identify the owner(s) of the vehicle you were operating at the

20  time of the Subject Accident, and provide his/her relationship to you, whether you

21  had his/her permission to operate said vehicle, and how you came to be in

22  possession of said vehicle.

23      **RESPONSE:**

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

Owner is MALCO ENTERPRISES OF NEVADA, INC., a Nevada Domestic Corporation dba BUDGET CAR AND TRUCK RENTAL OF LAS VEGAS. I used my government travel card to rent the car and signed a rental agreement, thus having their permission to operate it. I came to be in possession after renting the vehicle at for the duration of our unit annual training.

**INTERROGATORY NO. 4:**

Please state the purpose of the motor vehicle trip you were on at the time of the Subject Accident.

**RESPONSE:**

**Responding defendant was returning the vehicle to the rental car center.**

**INTERROGATORY NO. 5:**

Please state whether or not you were familiar with the location or area where the Subject Accident occurred, and how often you traveled through that same location prior to the Subject Accident.

**RESPONSE**:

**Responding defendant was reasonably familiar with the location prior to the subject accident, having driven it a few times before.**

**INTERROGATORY NO. 6:**

Please state in detail your itinerary on the date of the Subject Accident, including each place at which you were present, your length of stay at each such place, and a detailed account of whom you saw and what you did at each

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

such place, and the destination from which you left prior to the Subject Accident.

**RESPONSE:**

On August 2, 2016, I was still on military orders to conduct unit annual training. In the morning, I drove my rental car from my hotel, located near Nellis AFB, and arrived at the unit facility at 4511 W. Cheyenne Ave at around 0800, where unit training would be conducted all day. I had lunch at the facility. At around 2:00-3:00 p.m., I was directed by my supervisor CPT Colton F. Brauer, to depart the unit facility and return the Budget rental van, as it was no longer needed.

**INTERROGATORY NO. 7:**

Please state whether or not you were acting within the course and scope of your employment at the time of the Subject Accident, and if so, please identify the name, address, and telephone number of your employer, including your position and title of your occupation, and the name of your supervisor

**RESPONSE:**

When I departed the facility driving the rental van enroute to drop it off, with no passengers, I was still in an official duty status and was still wearing my military uniform. I was acting within the course and scope of my employment at the time of the Subject Accident. The name, address, and telephone number of my employer is as follows: Nevada Army National Guard, 2460 Fairview Drive, Carson City, NV 89701. At the time of the incident, my occupation was being a Nevada Army National Guard Soldier. My position was the Detachment D, 3/140 Aviation Platoon

1    Leader. Name of my supervisor at the time was CPT Colton F. Brauer.

2    **INTERROGATORY NO. 8:**

3           Please state in detail which part of your vehicle came into contact with

4    which part of the other vehicle that was involved in the Subject Accident.

5    **RESPONSE:**

6    The front bumper of my rental van contacted the rear end of the

7    other vehicle in front of me at a low speed.

8    **INTERROGATORY NO. 9:**

9           If you and any parties involved in this litigation had any conversations

10   regarding the Subject Accident at any time since said accident, please describe the

11   substance of any such conversation(s).

12   **RESPONSE:**

13   Objection.   This request calls for information protected by the

14   attorney client privilege.  It is also overly broad and excessive in that it

15   requests "any" conversation "at any time" regarding the accident.   It is

16   also vague and ambiguous as to who the conversations could be with and

17   will be answered as to any conversations with other parties to this

18   litigation.

19

20   Subject   to   and   without   waiving   the   objections,   responding

21   defendant remembers speaking to the other driver though he does not

22   remember the specifics of the conversation.   He also spoke with someone

23   at the Budget rental center regarding the damage to the van; he was told

24   the damage was too minor to file it on the records or to write up any

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

charges for damages.

INTERROGATORY NO. 10:

Please identify all persons known to you to have personal knowledge of the facts pertaining to the Subject Accident, and indicate those who were eye witnesses, and state the substance of their knowledge and articulate their testimony.

RESPONSE:

Responding defendant does not know if there were any eye witnesses to the accident beyond the parties. His supervisor, CPT Colton Brauer, drove up to the accident after it had occurred and saw the condition of the vehicles.

INTERROGATORY NO. 11:

Please identify all persons who arrived at the scene of the Subject Accident within one (1) hour after the accident, and state the knowledge known by each such person.

RESPONSE:

Responding defendant is not aware of anyone arriving on scene on behalf of the other driver. My supervisor, CPT Brauer, drove up after the incident occurred and saw our two vehicles stopped at the side of the road. He stopped to ask if there was any assistance needed. I told him no because it was minor damage and that a Las Vegas Metro Police Officer on motorcycle had stopped and assessed the damage already and stated it did not meet the criteria to issue a citation and then left after ensuring we

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

had exchanged insurance. CPT Brauer also left after assessing the situation.

### INTERROGATORY NO. 12:

Identify by name, address and telephone number, all persons whom you or your attorneys have interviewed regarding the Subject Accident, and each person conducting or otherwise present at each interview.

### RESPONSE:

**Objection.   This request includes information protected by the attorney client privilege.**

**Subject to and without waiving said objections, none.**

### INTERROGATORY NO. 13:

Identify each person with knowledge of the Subject Accident from whom you have taken a statement, indicating whether the statement was oral, written, by a court reporter, tape recorded or otherwise preserved, and include in your answer, the date, time and location of each statement was made.

### RESPONSE:

**Responding defendant has not taken a statement from anybody regarding this accident.**

### INTERROGATORY NO. 14:

Please state whether you have within your possession or control any photographs, slides, cell phone videos or pictures, videotapes, plats, drawings, models, charts or other physical, demonstrative or illustrative evidence of any type or nature whatsoever of the scene of the Subject Accident or objects connected with

*RANALLI ZANIEL FOWLER & MORAN, LLC*
*2400 W. HORIZON RIDGE PARKWAY*
*HENDERSON, NEVADA 89052*
*TELEPHONE: (702) 477-7774 FAX: (702) 477-7778*

said motor vehicle accident and identify what those objects are.

**RESPONSE:**

Please see responding defendant's initial disclosures and all supplements thereto.

**INTERROGATORY NO. 15:**

Please describe in detail your statement of facts as to how you contend the Subject Accident took place.

**RESPONSE:**

Objection. This request requires a narrative response which is better given at a deposition.

Without waiving said objection, responding defendant answers as follows: On August 2, 2016, I was directed by my supervisor CPT Colton F. Brauer to depart the unit facility located at 4511 W Cheyenne Ave and return the Budget rental van, as it was no longer needed. When I departed the facility driving the rental van with no passengers, I was still in an official duty status and was wearing my military uniform. After leaving the facility heading East on West Cheyenne Ave, I was operating the rental van in route to the rental car center to return the vehicle, as directed. I approached and stopped at a red light at the intersection of West Cheyenne Ave and North Martin Luther King Jr Blvd in North Las Vegas, Clark County, NV. I stopped directly behind the other vehicle involved in the incident, driven by Jessyca Goodman Garcia (plaintiff) who had no passengers. Both of us were stopped in the right turn lane at

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. Horizon Ridge Parkway
Henderson, Nevada 89052
Telephone: (702) 477-7774 Fax: (702) 477-7778

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

the red light. The light turned green and both of us began to proceed at low speed with intent to turn right, as we both had our turn signals on. However, the plaintiff then stopped abruptly while the light was green because there was a pedestrian on the far side of the 8 lane intersection. The pedestrian was beginning to cross from the far side but was still on the opposite side of the 8 lanes, not on the near side where we were turning, when the plaintiff stopped. I was not expecting this sudden stop, as I did not see anyone in the crosswalk or any reason the vehicle in front of me would stop since the light was green. I was unable to stop my rental vehicle in time and I unintentionally rear-ended the plaintiff's vehicle with my rental van at low speed and caused minor damage to the rear end of the plaintiff's vehicle and minor damage to the front of the rental vehicle.

**INTERROGATORY NO. 16:**

If you were taking or prescribed any type of medication twenty-four (24) hours prior to the time of the Subject Accident, please state the names of all medications that you were taking, the amount of each medication that was taken, the type of condition for which each medication was prescribed, and the person or entity who prescribed or provided the medication.

**RESPONSE:**

Objection. This request calls for information protected by the doctor patient relationship. It also requests information unrelated and irrelevant to the case and not proportional to the needs of the case

9

considering the violation of privacy, the importance of the issues at stake in the action, and the amount in controversy.

Without waiving the above objections, responding defendant answers as follows: He was not prescribed nor was he taking any medications that in any way affected his driving ability or reaction timing related to this accident.

**INTERROGATORY NO. 17:**

If you consumed any alcoholic beverage or mood-altering drugs within twenty-four (24) hours prior to the Subject Accident, please state the names of all alcoholic beverages or drugs consumed, the exact amount of alcoholic beverages or drugs taken, and the exact times that such beverages or drugs were consumed.

**RESPONSE:**

None.

**INTERROGATORY NO. 18:**

If at the time of the Subject Accident, you suffered from any disease, ailment, disability, vision problems, or medical conditions, or were under a physician's care for any condition, please describe.

**RESPONSE:**

Objection. This request calls for information protected by the doctor patient relationship. It also requests information unrelated and irrelevant to the case and not proportional to the needs of the case considering the violation of privacy, the importance of the issues at stake in the action, and the amount in controversy.

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

**Without waiving the stated objections, responding defendant answers as follows: none.**

<u>**INTERROGATORY NO. 19:**</u>

If you have ever been given a prescription for corrective lenses to correct any deficiencies in your vision, please state the most recent prescription that was given for each of your eyes, the prescription at the time of the Subject Accident, the type of lenses that you typically wear (contact lenses or glasses), and whether you were wearing any type of corrective lenses at the time of the Subject Accident.

<u>**RESPONSE:**</u>

**Objection. This request calls for information protected by the doctor patient relationship. It also requests information unrelated and irrelevant to the case and not proportional to the needs of the case considering the violation of privacy, the importance of the issues at stake in the action, and the amount in controversy.**

**Without waiving the stated objections, responding defendant answers as follows: None. Responding defendant was under a current flight physical at the time of the accident which certified his vision was good.**

<u>**INTERROGATORY NO. 20:**</u>

Please list all insurance policies (including umbrella or excess policies) in effect at the time of the Subject Accident alleged in Plaintiff's pleadings, which cover the alleged incident, and for each please state:

11

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

a)  name of the person or company;

b)  the date on which the policy was issued;

c)  the period for which the policy was issued;

d)  the policy limits for bodily injury liability and medical pay coverage;

e)  whether any policy defenses are claimed to be applicable with regard to any claim made by the Plaintiff;

f)  The total limits of all policies aggregated; for instance, if Defendant has a $100,000 policy that can be aggregated with another policy which has limits of $1,000,000, then Defendant would have total policy limits of $1,100,000.

g)  the amount of your aggregate policy limits available to pay a judgment obtained in this lawsuit;

h)  whether any claim made by Plaintiffs is being defended under a reservation of rights;

i)  if any policy of insurance is being defended under any reservation of rights, each and every factual basis for the insurance company's defense under a reservation of rights;

j)  if any policy of insurance is being defended under any reservation of rights, the exact language of the policy which provided the basis for the insurance company's reservation of rights or attach a copy of the policy language in question; and

k)  if more than one insurance company is listed,

12

state which company carries the primary coverage, and which company or companies carry the secondary coverage.

**RESPONSE:**

**Responding defendant was in the course and scope of his employment and was therefore covered by his employer who is the United States of America.**

**INTERROGATORY NO. 21:**

Please set forth, in detail, the substance of any and all conversations in which you were involved, or which you observed and overheard others involved in, at the scene of the Subject Accident, and include the time, place, and the names, addresses, and telephone numbers of all persons involved in such conversations.

**RESPONSE:**

**After the incident, both the Plaintiff, JESSYCA GOODMAN GARCIA, and I pulled over to the side of the road. I apologized for rear ending her and asked if she was all right. We both examined the damage and then discussed insurance information. I gave her the phone number for Budget Rental Car of Las Vegas, as they were the ones I was paying for the rental car insurance. I also gave her my personal USAA auto insurance policy information. I gave her my cell phone number and asked her to contact me if she was having any difficulty. The Las Vegas Motorcycle Police Officer stopped and stated that the damage was too minor to issue a citation. He confirmed we had exchanged insurance information, which we did and then he left. My supervisor, CPT Colton Brauer, saw us**

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. Horizon Ridge Parkway
Henderson, Nevada 89052
Telephone: (702) 477-7774 Fax: (702) 477-7778

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

stopped and asked if any assistance was needed and I told him what the police officer stated and that we had exchanged insurance. He then continued on.

**INTERROGATORY NO. 22:**

Please state whether there was any obstruction to your vision at the time of the Subject Accident, and if so, please describe the nature of the obstructions to your vision.

**RESPONSE:**

**None other than plaintiff's vehicle.**

**INTERROGATORY NO. 23:**

Please set forth your estimate of the speed at which your vehicle was traveling at the time of the Subject Accident.

**RESPONSE:**

**Very low speed.**

**INTERROGATORY NO. 24:**

Please describe all automobile accidents which you have been involved in for five (5) years prior to the Subject Accident, and all automobile accidents which you have been involved in subsequent to the Subject Accident.

**RESPONSE:**

**None.**

**INTERROGATORY NO. 25:**

If you have ever been convicted of, or pled guilty to, a misdemeanor or felony, please state the date of each conviction or plea, the court in which the

1  conviction or plea was rendered, and the exact nature of the charge.

2  **RESPONSE:**

3  **None.**

4  **INTERROGATORY NO. 26:**

5  Please state when and where you obtained your driver's license, the

6  year you obtained it, whether such license was valid, suspended, revoked, or

7  subject to any restrictions at the time of the subject motor vehicle collision, and the

8  nature of such restrictions, if any.

9  **RESPONSE:**

10  **At the time of incident, I had my driver's license current, issued by**

11  **the State of Nevada DMV on 4/7/2016, with expiration of 4/8/2020. It was**

12  **valid with no restrictions. I received my initial license from the State of**

13  **Nevada DMV in 2001, when I turned 16, and had been driving for over 15**

14  **years at the time of the incident.**

15  **INTERROGATORY NO. 27:**

16  Please list all traffic violations for any jurisdiction with which you

17  have been charged since you obtained your driver's license.

18

19  **RESPONSE:**

20  **Objection.  This request is excessive, burdensome, and unrelated to**

21  **the subject matter of this case.  It is also not sufficiently time limited.**

22  **Subject to and without waiving said objections, responding**

23  **defendant responds as follows:**

24  **2/29/2016              - speeding, 1-10 mph over speed limit**

RANALLI ZANIEL FOWLER & MORAN, LLC
2400 W. HORIZON RIDGE PARKWAY
HENDERSON, NEVADA 89052
TELEPHONE: (702) 477-7774 FAX: (702) 477-7778

11/18/2012        - speeding, 1-10 mph over speed limit

8/13/2009         - failure to use turn signal

9/3/2007          - speeding, 1-10 mph over speed limit

**INTERROGATORY NO. 28:**

Please state whether or not it is your contention that the Plaintiff's injuries and damages were caused in whole or in part by any person or organization other than you; and if it is, please state all facts upon which you rely in support of such contention.

**RESPONSE:**

Objection. This request calls for expert testimony and information protected by the attorney client privilege. It also requests information regarding litigation and trial strategy.

Subject to and without waiving said objections, Plaintiff caused or contributed to her own injuries with her abrupt and unnecessary stop.

**INTERROGATORY NO. 29:**

Please state whether or not it is your contention that the Plaintiff's injuries and damages were caused in whole or in part by a superseding or intervening cause; and if it is, please state all facts upon which you rely in support of such contention.

**RESPONSE:**

See response to No. 28.

**INTERROGATORY NO. 30:**

16

Please set forth all mechanical problems of the vehicle you were driving before the Subject Accident, including but not limited to, any headlight, braking, signal light, alignment, and steering problems.

**RESPONSE:**

**None.**

DATED this 26th day of March, 2019.

RANALLI ZANIEL FOWLER & MORAN, LLC

**GEORGE M. RANALLI, ESQ.**
Nevada Bar No. 5748
**SEAN FORBUSH, ESQ.**
Nevada Bar No. 12741
2400 W. Horizon Ridge Parkway
Henderson, Nevada 89052
Attorneys for Defendants,
*MICAH GILL and*
*MALCO ENTERPRISES OF*
*NEVADA, INC.*

<u>**CERTIFICATE OF SERVICE**</u>

Pursuant to Nevada Rules of Civil Procedure 5(b), I hereby certify that I am an employee of **RANALLI ZANIEL FOWLER & MORAN, LLC,** and that on the day of February, 2019, I caused the foregoing **DEFENDANT MALCO ENTERPRISES OF NEVADA, INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** to be served as follows:

[ ] by placing a true and correct copy of the same to be        deposited for mailing in the US Mail at Henderson,        Nevada, enclosed in a sealed envelope upon which first   class postage was fully prepaid; and/or

[ ]     pursuant to EDCR 7.26, by sending it via facsimile (w/out        attachments); and/or

[ ]     by hand delivery to the parties listed below; and/or

[X]     pursuant to N.E.F.C.R. Rule 9 and Administrative Order  14-2,  by  sending it via electronic service:

Peter S. Christiansen, Esq.
R. Todd Terry, Esq.
Kendelee L. Works, Esq.
Whitney J. Barrett, Esq.
Keely A. Perdue, Esq.
**CHRISTIANSEN LAW OFFICES**
810 South Casino Center Blvd.
Suite 104
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*
**ELECTRONIC SERVICE**

_____
**An EMPLOYEE OF
RANALLI ZANIEL FOWLER & MORAN, LLC**

*RANALLI ZANIEL FOWLER & MORAN, LLC*
*2400 W. HORIZON RIDGE PARKWAY*
*HENDERSON, NEVADA 89052*
*TELEPHONE: (702) 477-7774 FAX: (702) 477-7778*

# Exhibit "4"

# Exhibit "4"



BRIAN SANDOVAL
*Governor*

**STATE OF NEVADA OFFICE OF THE MILITARY**
OFFICE OF THE STAFF JUDGE ADVOCATE
2460 FAIRVIEW DRIVE
CARSON CITY, NEVADA 89701



WILLIAM R. BURKS
*Brigadier General*
*The Adjutant General*

September 19, 2018

Major Scott F. Katherman, Esq.
On behalf of First Lieutenant Micah L. Gill
4500 W. Silverado Ranch Blvd
Las Vegas, Nevada 89139

Blaine Welsh, Assistant United States Attorney
Chief, Civil Division
District of Nevada
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101

RE: Request for Certification, Substitution, and Removal – Clark County District
Court

Dear Mr. Welsh,

    On July 27, 2018, Defendant 1LT Micah L. Gill, a current member of the
Nevada Army National Guard, was served a complaint in his personal capacity for
injury resulting from a vehicle accident. At the time of the accident, 1LT Gill was
driving from his place of duty during annual training, Joint Force Training Base Los
Alamitos (JFTBLA), to McCarren Airport in Las Vegas, NV. We recommend the
United States Attorney certify 1LT Gill was acting within the scope of his
employment at the time of the accident. We also recommend the United States
Attorney remove the matter to United States District Court, substitute the United
States as the Defendant in his stead pursuant to 28 U.S.C. §2679(b)(1), 28 U.S.C.
§2679(d), and AR 27-40, as well as move to dismiss the case.

On May 3, 2016, 1LT Gill received official orders to report for annual training, pursuant to 32 U.S.C. 502(a)(2), beginning on July 22, 2016, and ending on August 5, 2016. 1LT Gill, along with other members of the 3/140th Aviation Regiment, proceeded from their home station in Las Vegas, Nevada to JFTBLA in Los Alamitos, California. They returned to their home station on August 2nd to complete the last three days of annual training. 1LT Gill's command authorized him a government rental for official travel to and from his home station in North Las Vegas, Nevada. He returned to his home station on August 2, 2016 with his unit. 1LT Gill was required to return his rental car on August 2nd. Accordingly, he proceeded to McCarran Airport Rental Car Facility from his home station to fulfill that responsibility. In route to return his rental, 1LT Gill was involved in a vehicle accident. The accident occurred around 2:15 p.m. on the corner of Martin Luther King Blvd. and Cheyenne Ave. going eastbound. The location of the accident is on the direct route between the two locations. 1LT Gill was not engaged in a frolic or detour at the time of the accident.

According to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§1346(b), 2671-2680 alongside the Federal Employees Liability Reform and Tort Compensation Act of 1988, the United States is liable for tort claims in the same manner as a private individual when common law tort claims arise from actions taken by Federal employees acting within the scope of their employment. Whether an employee was acting within the scope of their employment is a question of state law. Here, Nevada law should apply. Nevada embraces the concept of respondeat superior – where an employer is held liable for the negligent acts of its employees – as set forth in Chapter 41 of Nevada Revised Statutes. Accordingly, respondeat superior applies when an employee is under the control of the employer and acts within the scope of the employee's job duties.

In 2003, the Nevada Supreme Court adopted the "coming and going rule", which maintains that the "tortious conduct of an employee in transit to or from the place of employment will not expose the employer to liability, unless there is a special errand that requires driving" (*Kornton v. Conrad, Inc.*, 119 Nev. 123, 67 P.3d 316 (2003). In *Bob Allyn Masonry v. Murphy*, 124 Nev. 279, 183 P.3d 126 (2008), the court ruled that injuries that are typically exempted from coverage on the ground, that did not stem from the normal course of employment, are brought within the scope of coverage if they occur while in transit to or from the performance of an errand outside of the employee's normal job responsibilities. In *National Convenience Stores v. Fantazzi*, 94 Nev. 655, 584 P.2d 689 (1978), an employee was involved in an accident while traveling to one of his employer's stores to obtain shelf measurements on his day off. These assigned tasks of necessity took him away from his regular location of employment. The Court held there was sufficient evidence for a jury to conclude the accident occurred during a special errand for the employer.

1LT Gill was driving from his normal place of duty, located in North Las Vegas, directly to the McCarran Airport Rental Car Facility in order to complete a necessary task given to him by Nevada Army National Guard leadership.  1LT Gill was acting in a State (Title 32) capacity during the time the accident occurred. Although leaving the facility at his home duty station in a car is not typically included in one of his job assignments, 1LT Gill was performing a special errand that required driving. He did not commute to or from his place or residence to complete this special duty. Returning the vehicle, once 1LT Gill was back at his home station, was one of his employment obligations. We submit that 1LT Gill was acting within the scope of his employment for the Army under Nevada law.

The Westfall Act, 28 U.S.C. 2679, states that the "Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government…for [injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of [that] employee of the Government while acting within the scope of his office or employment]." Additionally, Army Regulation 27-40, paragraph 1-4, sets forth the DOJ's responsibility of "defend[ing] litigation in domestic and foreign courts, against the United States, its agencies and instrumentalities, and employees whose official conduct is involved." Accordingly, the Plaintiff's remedy is not against 1LT Gill, but against the United States, under the FTCA. Thus, we request in accordance with AR 27-40, 28 U.S.C. §2679(d)(2), and 28 C.F.R. §15.3 that you certify that 1LT Gill was acting within the scope of his employment during the period relevant to Plaintiff's causes of actions and move to dismiss 1LT Gill from the complaint and substitute the United States as the Defendant in his place. So far as I am aware, the Plaintiff has not filed an administrative claim. Therefore, we recommend you move to dismiss the complaint.

Should you require any additional assistance, please contact me.

My contact information is:

Major Scott F. Katherman
Brigade Legal Office
4500 West Silverado Ranch Blvd
Las Vegas, Nevada 89139
Tel. (702) 773-1828
scott.f.katherman.mil@mail.mil

*Scott F. Katherman*
Respectfully Submitted,
Scott F. Katherman, Esq.
Major, JA
17th S.Bde Judge Advocate

Attachment(s):
Affidavits from CPT Brauer and 1LT Gill

# Exhibit "5"

# Exhibit "5"

Electronically Filed
1/24/2020 1:38 PM
Steven D. Grierson
CLERK OF THE COURT

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

\*\*\*\*

| | |
|---|---|
| JESSYCA GOODMAN GARCIA, an Individual, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| MICAH GILL, an Individual; MALCO ENTERPRISES OF NEVADA, INC. A Domestic Corporation d/b/a BUDGET CAR AND TRUCK RENTAL OF LAS LAS VEGAS AND/OR d/b/a BUDGET LAS VEGAS; DOES I through X, Inclusive; and ROE BUSINESS ENTITIES XI through XX inclusive, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) |

CASE NO.: A-18-778518-C

DEPARTMENT XXIII

DECISION & ORDER

## I.    INTRODUCTION

This matter came before the Court on December 10, 2019 for Defendants Micah

Gill (Gill) and Malco Enterprises of Nevada, Inc.'s (Malco) Motion for Summary

Judgment Pursuant to Nevada Rules of Civil Procedure Rule 56 (NRCP 56) and Nevada

Rule of Civil Procedure Rule 12 (NRCP 12). Defendants filed their Motion on October 2,

2019. Plaintiff Jessyca Goodman Garcia (Garcia) filed an Opposition on October 16, 2019.

Defendants filed a Reply to Opposition on December 2, 2019.

This Court heard oral argument at the December 10, 2019 hearing and took the

matter under further advisement to issue a written Decision and Order. Defendant Gill

argued that Plaintiff's Complaint must be dismissed pursuant to NRCP 12(b)(1) because

the federal court has exclusive jurisdiction. Further, Defendant Gill argued that Plaintiff's

Complaint must be dismissed pursuant to NRCP 12(b)(5) for failure to state a claim upon

STEFANY A. MILEY
DISTRICT JUDGE

DEPARTMENT TWENTY THREE
LAS VEGAS NV  89101-2408

1

which relief can be granted. Defendant Malco argued that Plaintiff's Complaint must be dismissed pursuant to NRCP 56(a) because the Graves Amendment expressly precludes holding a rental car company liable for the negligence of its renter. Having considered the papers on file and the relevant law, the Court enters the following Decision and Order on Plaintiff Garcia's Motion for Summary Judgment against Defendants Malco and Gill.

## II.  STATEMENT OF FACTS

This case involves an automobile accident that occurred on August 2, 2016. Defendant Gill, returning a vehicle he rented from Defendant Malco, rear-ended Plaintiff Garcia. Police arrived at the scene but did not complete a police report. A vehicle damage incident report was done by Defendant Malco on the same day listing "DTS – Government Insurance" as Defendant Gill's insurance company.

Defendant Gill was in his Nevada Army National Guard Uniform at the time of the accident. He was traveling from a Nevada Army National Guard training location to return the vehicle pursuant to his military orders. He originally rented the vehicle from Defendant Malco pursuant to his orders and was driving at the time of the accident in the course and scope of his annual training orders.

Defendant Gill's personal insurer USAA advised Plaintiff's counsel that Defendant Malco was the primary insurer for the loss. Defendant Gill informed Plaintiff that "he does not have an insurance carrier that is covering this claim beyond Malco, the rental company from which he rented the vehicle." On July 27, 2018, Plaintiff filed a Complaint against Defendants Gill and Malco setting forth the following causes of action: (1) Negligence, (2) Negligence Per Se, (3) Vicarious Liability, and (4) Negligent Entrustment. Defendant Malco filed its Answer on June 20, 2018, and Defendant Gill filed his answer on August 31, 2018.

**STEFANY A. MILEY**
DISTRICT JUDGE

DEPARTMENT TWENTY THREE
LAS VEGAS NV  89101-2408

2

1
2                          III.    DISCUSSION

3     A. Legal Standard

4          One of the defenses a party may assert by motion is that the court lacks subject-

5     matter jurisdiction over the action. NRCP 12(b)(1). Where the United States district courts

6     have exclusive jurisdiction over certain claims, this Court would lack subject-matter

7     jurisdiction to hear the claim in question. A motion to dismiss a case under this scenario

8     would be brought pursuant to NRCP 12(b)(1).

9
          Under NRCP 12(b)(5) a claim may be dismissed where the pleadings fail to state a
10
      claim upon which relief can be granted. NRCP 12(b)(5). When reviewing a motion to
11
      dismiss pursuant to NRCP 12(b)(5), the Court must construe the pleadings liberally and
12
      draw every fair inference in favor of the non-moving party. *Simpson v. Mars, Inc.*, 113
13
      Nev. 188, 190 (1997). If the Court determines "that the plaintiff could prove no set of facts
14
      which, if accepted by the trier of fact, would entitle him or her to relief," then the motion
15
16    must be granted. *Id.* The trial court may dismiss the complaint only if it appears to a

17    certainty that a plaintiff can prove no set of facts, which would entitle him to relief, even
18
      with all pled allegations being accepted as true. *See Bergmann v. Boyce*, 109 Nev. 670
19
20    (1993).

21         Rule 56(a) of the Nevada Rules of Civil Procedure governs Motions for Summary

22    Judgment. NRCP 56(a). The pleadings, depositions, answers to interrogatories,

23
      admissions, and affidavits, if any, that are properly before the court must demonstrate that
24
      no genuine issue of material fact exists, and the moving party is entitled to judgment as a
25
26    matter of law. *See Id.*; *Wood v. Safeway*, 121 P.3d 1026 (Nev. 2005). A court must accept

27    the nonmoving party's properly supported factual allegations as true, and it must draw all

28

**STEFANY A. MILEY**
DISTRICT JUDGE

DEPARTMENT TWENTY THREE
LAS VEGAS NV  89101-2408

3

reasonable inferences in the nonmoving party's favor. *Michaels v. Sudeck*, 810 P.2d 1212, 1213 (Nev. 1991).

In determining whether a fact is material, the court shall look to the substantive law of the claims and only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Wood*, 121 P.3d at 1030. Nevada courts no longer follow the "slightest doubt" standard that applied before *Wood*; the courts follow the federal summary judgment standard. *Id.* at 1031, 1037.

## B. Defendant Gill's Motion to Dismiss Pursuant to NRCP 12(b) and NRCP 56

Congress enacted the Federal Tort Claims Act (FTCA) which grants United States district courts exclusive jurisdiction over certain tort claims. *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011) (quoting *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992)). The federal district courts have this exclusive jurisdiction when a tort claim arises from the negligent act of a federal employee acting within the scope of his employment or office. *See* 28 U.S.C. § 1346(b)(1).

As a prerequisite to filing suit, the FTCA mandates that no action may be instituted until the claimant has exhausted all administrative remedies from the appropriate agency. 28 U.S.C. § 2675(a).  Only after the agency has failed to make a final disposition of the claim within six months may the claimant file an action with the federal court. *Id.* The Supreme Court held that statute requires complete exhaustion of Executive remedies before it may be heard by the federal courts. *McNeil v. United States*, 508 U.S. 106, 112-13 (1993). The Ninth Circuit has also held that that administrative claim requirements must be strictly adhered to because they are jurisdictional in nature. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000); *See also Jerves*, 966 F.2d at 521.

**STEFANY A. MILEY**
DISTRICT JUDGE

DEPARTMENT TWENTY THREE
LAS VEGAS NV  89101-2408

4

1

2          Here, Defendant Gill argued that this claim is ripe for dismissal under either NRCP

3     12(b)(1) or NRCP 12(b)(5). Gill argued that he was under annual training order from the

4     Nevada Army National Guard and attached the orders as exhibit B to his Motion to

5     Dismiss. This accident, Gill asserted, occurred within the permanent orders and authorized

6     vehicle rental period and thus the federal court had exclusive jurisdiction to hear this

7     claim. Further, because the accident occurred while Gill was driving from the Nevada

8
      Army National Guard facility directly to the McCarran Airport Rental Car facility, he was
9
10    within the course and scope of his federal employment with the Nevada Army National

11    Guard. He also argued that Plaintiff knew or should have known that Gill was employed

12    by the Nevada Army National Guard at the time of the accident, and was within the course

13    and scope of his employment, because he was in his uniform at the time of the subject

14    accident. Based on these facts, Gill argued that the claims against him should be dismissed

15    pursuant to NRCP 12(b)(1) because this Court lacked subject matter jurisdiction.

16
17         Defendant Gill then argued that Plaintiff's failure to exhaust the available

18    administrative remedies means this case should be dismissed pursuant to NRCP 12(b)(5)

19    for failing to state a claim upon which relief can be granted. Plaintiff failed to plead the

20    pursuit and exhaustion of the appropriate administrative claims, and without that, Gill

21    argued, the causes of action lack any relief this Court may grant.

22         Plaintiff argued that the September 19, 2018 affidavit of Defendant Gill and the

23
      September 19, 2018 letter to the U.S. Attorney's Office was the first information produced
24
25    to Plaintiff regarding the arguments found in Gill's instant Motion. Defendants were in

26    exclusive control of this information for over one year before filing the instant Motion.

27    The only information accessible to Plaintiff regarding Gill's employment is contained in

28    the Vehicle Damage Incident Report. That document simply lists the government as Gill's

**STEFANY A. MILEY**
DISTRICT JUDGE

DEPARTMENT TWENTY THREE
LAS VEGAS NV  89101-2408

employer. Plaintiff argued that the Attorney General never certified Gill's employment nor did Defendant Gill petition the court to make a scope of employment certification. *See Osborn v. Haley*, 127 S. Ct. 881, 894 (2007). Because Defendant Gill failed to obtain certification and remove the action, Plaintiff argued that dismissing Plaintiff's claims on the grounds that this Court lacks subject matter jurisdiction would be improper.

Further, Plaintiff argued that she could not have filed an administrative claim because she did not possess the information needed concerning Defendant Gill's statute as a federal employee prior to filing her complaint. Plaintiff argued that she had no reason to know Gill was in the course and scope of his employment with the United States at the time he caused the collision. She asserted that it would be unjust to dismiss her claims when she only found out she needed to make an administrative claim at the time the instant Motion was filed by the Defendants.

In reply to Plaintiff's Opposition, Defendant Gill argued that Plaintiff cannot rely on arguing that she was unaware of the need to pursue administrative remedies because Gill was in uniform and documents disclosed in this case clearly indicate that he was in course and scope of his federal employment. Further, Gill argued that the "true legal issue at hand in this present action" is not whether the United States should have intervened, but rather it is whether the facts of the case constitute an immunity to civil suit. In other words, the question before the Court should be whether Defendant Gill was a federal employee who was acting within the course and scope of his employment at the time of the accident.

Gill acknowledged that he could have petitioned the Court to certify Gill's employment but instead filed the present motion for summary judgment based on the uncontested facts indicating that Defendant Gill is within the course and scope of his

STEFANY A. MILEY
DISTRICT JUDGE

DEPARTMENT TWENTY THREE
LAS VEGAS NV 89101-2408

6

federal employment and thereby immune from suit. Rather than seek certification, Gill

sought summary judgment because he argued that as a matter of law, no judgment can be

had against him based upon the facts and circumstances that are uncontested in this matter.

Here, Plaintiff failed to set forth specific facts demonstrating the existence of a genuine

factual issue and Defendant Gill requested this Court dismiss the case pursuant to NRCP

56

### C. Defendant Malco's Motion to Dismiss Pursuant to NRCP 56

Congress enacted 49 U.S.C. § 30106, commonly known as the Graves

Amendment, which precludes holding a rental car company liable for the negligence of its

renter. The state has both an express preemption clause and a savings clause. 49 U.S.C. §

30106. Pursuant to the statute, an owner of a motor vehicle that rents or leases vehicles is

not liable for harm to other persons during the rental period if there is no negligence or

criminal wrongdoing on the part of the owner. 49 U.S.C. § 30106(a).

Defendant Malco argued that the Graves Amendment preempts state laws

imposing liability on rental vehicle owners unless there is a showing of negligence or

criminal wrongdoing on the part of the owner of the rental vehicle. Specifically, Malco

argued that NRS 482.305, the statute which Plaintiff's claim is impliedly based, conflicts

with the Graves amendment and is thus preempted. *See Munoz v. Branch Banking*, 131

Nev. Adv. Op. 23 (2015) (holding that a state law is preempted and without effect if it

conflicts with federal law). Here, Malco was the owner of the vehicle that was rented by

Defendant Gill, the accident occurred during the rental period, and the vehicle was subject

to the terms of the agreement.

Malco next argued that NRS 482.305 is not a financial responsibility law and is not

preserved by the savings clause of 49 U.S.C. § 30106. Malco noted that while the Graves

STEFANY A. MILEY
DISTRICT JUDGE

DEPARTMENT TWENTY THREE
LAS VEGAS NV 89101-2408

7

Amendment excludes from preemption laws requiring proof of minimum levels of insurance in order to register a rental vehicle with the DMV and operate the vehicle on the roadways, as well as laws imposing liability on rental vehicle owners who fail to meet a state's minimum insurance requirements, it does not exclude preemption of vicarious liability. NRS 482.305, Malco argued, is not a financial responsibility law, but rather a vicarious liability law. Thus, Plaintiff's allegations rely solely on ownership and non-existent negligent entrustment and are preempted by the Graves Amendment.

Further, Malco argued that there is no evidence it engaged in any negligence of its own, nor did it engage in any criminal wrongdoing relative to the accident. Also, Malco noted that the lessor is not required to ensure that the lessee has his or her own insurance. *See Hall v. Enterprise Leasing Company-West*, 122 Nev. 685, 690 (2006). Malco argued that no facts were provided that show Malco knew or should have known that Defendant Gill's use of the vehicle created an unreasonable risk of harm. Gill's driver's license number was listed on the rental agreement, which Malco argued shows it ensured Gill was a licensed driver prior to the rental. Malco asserted that there simply are no facts to support Plaintiff's claims against Defendant Malco.

Plaintiff argued that NRS 485.305's requirement for companies like Malco to provide minimum insurance coverage to its vehicle renters is consistent with the general spirit of financial responsibility laws, favoring protecting crash victims to the extent possible. Under Nevada law, Plaintiff asserted, a rental car company must provide and pay at least the policy minimums required by law should there be an accident where no other coverage exists. *Hall v. Enterprise Leasing Company-West*, 122 Nev. 685 (2006).

Further, Plaintiff argued that there is a genuine issue of material fact regarding whether Defendant Malco negligently rented the vehicle to Defendant Gill. Plaintiff noted

1

2    that the rental agreement is completely silent regarding whether the vehicle was rented

3    with Malco's knowledge that Gill was an unsafe driver, whether any background check

4    was performed on him, or whether there was an investigation done regarding his driver's

5    license status or driving record. Plaintiff argued that there are several documents that

6    Malco still needs to turn over in this case, including policies and procedures surrounding

7    the lease of its vehicles.

8

9        Plaintiff also argued that Defendant Gill initially took the stance that Malco is

10   responsible for Plaintiff's loss when he affirmatively represented in discovery that he

11   "does not have an insurance carrier that is covering this claim beyond Malco, the rental

12   company from which he rented the vehicle." Plaintiff asserted that this position, also

13   shared by his insurance carrier USAA, falls squarely in line with the exception set forth in

14   the Graves Amendment. Plaintiff ultimately argued that it would be improper to grant

15   summary judgment in favor of Defendant Malco at this time based on the outstanding

16   discovery and allow Plaintiff more time to conduct discovery.

17

18       COURT FINDS, Defendant Gill was in the course and scope of his employment

19   with the Nevada Army National Guard at the time of the accident. Gill presented this

20   Court with a copy of his permanent orders and he was in his Nevada Army National Guard

21   at the time of the accident.

22       COURT FINDS, this Court lacks subject matter jurisdiction over Plaintiff's claims

23   against Defendant Gill. While Defendant Gill did not seek certification of his employment

24   from this Court, based on the arguments from Defendant Gill and the submission of his

25   permanent orders, the federal district court has exclusive jurisdiction of Plaintiff's claims

26   against Defendant Gill pursuant to 28 U.S.C. § 1346(b)(1). Further, COURT FINDS,

27

28

**STEFANY A. MILEY**
DISTRICT JUDGE

DEPARTMENT TWENTY THREE
LAS VEGAS NV  89101-2408

9

1
2    Plaintiff has failed to exhaust her remedies with the Nevada Army National Guard and
3    thus no action can be instituted at this time pursuant to 28 U.S.C. § 2675(a).

4        Therefore, COURT ORDERS, Defendants' Malco Enterprises of Nevada, Inc. and
5    Micah Gill's Motion for Summary Judgment Pursuant to NRCP 56(a) and NRCP 12(b) is
6    GRANTED without prejudice towards Plaintiff's complaint against Defendant Micah Gill
7    pursuant to NRCP 12(b)(1).
8
9        However, COURT FINDS, there is still a genuine issue of material fact regarding
10   the complaint against Malco Enterprises of Nevada, Inc. Plaintiff is still seeking ongoing
11   discovery in this matter and it is premature at this time to dismiss the complaint under 49
12   U.S.C. § 30106.
13       Therefore, COURT ORDERS, Defendants' Malco Enterprises of Nevada, Inc. and
14   Micah Gill's Motion for Summary Judgment Pursuant to NRCP 56(a) and NRCP 12(b) is
15   DENIED towards Plaintiff's complaint against Defendant Malco.
16
17       It is so ORDERED.
18   ////
19   ////
20   ////
21   ////
22   ////
23   ////
24   ////
25   ////
26   ////
27   ////
28   ////

STEFANY A. MILEY
DISTRICT JUDGE

DEPARTMENT TWENTY THREE
LAS VEGAS NV  89101-2408

10

#### IV.    ORDER

For the foregoing reasons, COURT HEREBY ORDERS, Defendants' Malco

Enterprises of Nevada, Inc. and Micah Gill's Motion for Summary Judgment Pursuant to

NRCP 56(a) and NRCP 12(b) against Plaintiff is GRANTED as to the claims against

Defendant Micah Gill and DENIED as to the claims against Defendant Malco Enterprises

of Nevada, Inc..

Dated this ⅔ day of January, 2020.

HONORABLE STEFANY A. MILEY
DISTRICT COURT JUDGE
DEPARTMENT XXIII

#### CERTIFICATE OF SERVICE

I hereby certify that on or about the date signed, a copy of this Decision and
Order was electronically served and/or placed in the attorney's folders maintained
by the Clerk of the Court and/or transmitted via facsimile and/or mailed, postage
prepaid, by United States mail to the proper parties as follows: George M. Ranalli,
Esq., Gregory S. Caruso, Esq., Peter S. Christiansen, Esq., R. Todd Terry, Esq., and
Whitney J. Barrett, Esq.

By: _____
     Carmen Alper
     Judicial Executive Assistant
     Department XXIII

STEFANY A. MILEY
DISTRICT JUDGE

DEPARTMENT TWENTY THREE
LAS VEGAS NV 89101-2408

11

# Exhibit "6"

# Exhibit "6"

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, and Zip code. |
|---|---|
| Commanding Officer / Office of the Staff Judge Advocate<br>Nevada Army National Guard<br>2460 Fairview Drive<br>Carson City, Nevada 89701 | Jessyca Goodman Garcia<br>c/o Whitney J Barrett, Esq. / Christiansen Law Offices<br>810 S. Casino Center Blvd., Ste. 104<br>Las Vegas, Nevada 89101 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 04/14/1993 | Single | 08/02/2016          Tuesday | 2:15 P.M. |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

On August 2, 2016, Jessyca Goodman Garcia was operating a 2013 Chrysler 200 Touring, stopped for pedestrians in the right turn lane at the intersection of Cheyenne Avenue and Martin Luther King, Jr. Drive in Clark County, Nevada. Micah Gill was operating a Budget Rent a Car directly behind Ms. Goodman Garcia's vehicle and failed to slow for her stopped vehicle, causing a rear-end collision.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Same as claimant

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Ms. Goodman Garcia's vehicle sustained $1,615.23 in damage, and was repaired by Destination Auto Body & Paint in Las Vegas, Nevada

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Ms. Goodman presented to St. Rose Hospital following the accident. After chiropractic treatment to address her lower back pain, she underwent a facet joint radiofrequency rhizotomy bilateral at L5-S1 (6/22/17); diagnostic facet joint medial branch blocks bilateral at L4-5 (12/14/17); facet joint radiofrequency rhizotomy left L4-5 and L5-S1 (3/15/18); and facet joint radiofrequency rhizotomy right at L4-5 and L5-S1 (4/5/18).

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| None | None |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| 1,615.23 | 48,799.82 | | 50,415.05 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| | 702-240-7979 | 02/13/2020 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction<br>Previous Edition is not Usable<br>95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

**INSURANCE COVERAGE**

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance?  [X] Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  [ ] No

Progressive Claims; 16201 E. Indiana Ave, Suite 2500; Spokane Valley WA 99216
Claim No. 16-5839810

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  [X] Yes   [ ] No     17. If deductible, state amount.

25,000/50,000 UM/UIM coverage

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

Progressive is awaiting determination of coverage by Mr. Gill and Malco Enterprises.

19. Do you carry public liability and property damage insurance?  [X] Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  [ ] No

Progressive Claims; 16201 E. Indiana Ave, Suite 2500; Spokane Valley WA 99216
Claim No. 16-5839810

**INSTRUCTIONS**

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14.  Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT.  THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a)  In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b)  In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c)  In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d)  Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A.  *Authority*:  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B.  *Principal Purpose*:  The information requested is to be used in evaluating claims.
C.  *Routine Use*:  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D.  *Effect of Failure to Respond*:  Disclosure is voluntary.  However, failure to supply the requested information or to execute your form may render your claim "invalid."

**PAPERWORK REDUCTION ACT NOTICE**

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention:  Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

# Exhibit "7"

# Exhibit "7"



**DEPARTMENT OF THE ARMY**
U.S. ARMY CLAIMS SERVICE
OFFICE OF THE JUDGE ADVOCATE GENERAL
4411 LLEWELLYN AVENUE, SUITE 5360
FORT GEORGE G. MEADE, MARYLAND 20755-5125

JAN 1 1 2021

<u>CERTIFIED MAIL - RETURN RECEIPT REQUESTED</u>

Tort Claims Division
20-031-T030

Ms. Whitney J. Barrett
Christiansen Law Offices
810 S. Casino Center Blvd., Ste. 104
Las Vegas, Nevada 89101

Dear Ms. Barrett:

This notice constitutes final administrative action on the claim of your client, Jessyca Goodman Garcia, against the United States Government in the amount of $50,415.05 for alleged personal injury and property damage.  Specifically, your client claims she was injured and her vehicle was damaged due to an accident in Las Vegas, Nevada on August 2, 2016, by an automobile driven by a member of the U.S. Army.  Your client's claim was filed on March 24, 2020.

I must inform you that your client's claim is denied because it was not filed within the applicable statute of limitations period.  Under the Federal Tort Claims Act, Title 28 of the United States Code, Sections 2671-2680, an administrative claim must be filed no later than two years after the date on which the claim originally accrued.  The accrual date has been defined by the U.S. Supreme Court as the date a claimant is aware or should have been aware of the fact that he or she has been injured and the cause of that injury.  <u>Kubrick v. United States</u>, 444 U.S. 111 (1979).  The accrual date of your client's claim is August 2, 2016, the date of the motor vehicle accident.  Your client's claim was filed on March 24, 2020 (the date the claim was received by the Department of the Army), more than three years after the accident.

If your client is dissatisfied with the denial of the claim, your client may file suit in an appropriate United States District Court no later than six months from the date of mailing of this letter.  *See* 28 Code of Federal Regulations § 14.9(a).  By law, failure to comply with that time limit forever bars the claim.  *See* 28 United States Code § 2401(b).  This notice of final denial should not be construed as a concession by the United States that the claimant has complied with the applicable requirements of 28 United States Code § 2675(a) or 28 Code of Federal Regulations Part 14, nor should

-2-

this be construed as a waiver by the United States of any of its defenses regarding the claim.

Sincerely,

SATRIANO.NIC Digitally signed by
HOLAS.MICHA SATRIANO.NICHOLAS
EL.102212404 .MICHAEL.102212404
4 Date: 2021.01.04
17:40:37 -05'00'

Nicholas M. Satriano
Supervisory Attorney
Chief, Tort Claims Settlements Division

NEOPOST
01/11/2021
US POSTAGE $006.90
ZIP 20755
041M11296054

**CERTIFIED MAIL**

7018 0040 0000 4808 8172

DEPARTMENT OF THE A
U.S. ARMY CLAIMS SERVIC
4411 LLEWELLYN AVENUE
FORT GEORGE G. MEADE

OFFICIAL BUSINESS

**Ms. Whitney J. Barrett**
**Christiansen Law Offices**
**810 S. Casino Center Blvd., Ste. 104**
**Las Vegas, Nevada 89101**